### TULEY et v McCORMICK

Ohio Appeals, 1st Dist, Hamilton County

No. 3774. Decided Feb 9, 1931

James J. Fitzpatrick, Cincinnati, for plaintiffs in error.
Carl G. Werner, Cincinnati, for defendant in error.

HAMILTON, J.

Plaintiff introduced a large volume of oral evidence given through himself and sub-contractors and material men to show the substantial performance under the contract, the character of the work, and in support of his claim for extras.

The defense introduced witnesses and quite a large amount of evidence tending to show non-performance, excessive time in construction and defective workmanship.

It is admitted by the plaintiff that there were small items of finishing, such as bracing steps, nailing braces, finishing the toilet room in the basement and setting the mantle, and some other small items, which would have cost the plaintiff McCormick about $50 to finish, but the prob-

able cost to the owners to hire outside mechanics to finish would approximate $250; that he was prevented from finishing the work by the Tuleys in not permitting his workmen in the house when they appeared after the material was furnished, to finish the work.

It appears from the record that the work on the house was commenced in July, 1927, and it was enclosed ready for plastering in November, 1927. It also appears that the Tuleys objected to plastering in the winter time, and the building practically lay over the winter until spring for further construction. The work was started in the spring and was progressing when in June, the Tuleys indicated their intention of moving in. McCormick protested against their moving in until he was through with the work and had the job completed, and on June 29th, 1928, McCormick wrote the Tuleys to the effect that he understood they were planning to move in, although he was not through with the job, and he informed them that he felt it more advisable that he should complete the house in all its details set forth in the contract and extras, before the owner took possesion, and suggested that they do not move into the property until they are satisfied and settlement made. Notwithstanding this, the Tuleys moved in immediately and took possession of the property, and refused to permit McCormick's workmen into the premises to complete the work.

The plaintiff also admitted that one of the windows did not fit properly, but that was due to the fact that the Tuleys had him take the frame out, after the walls and frame were set, to put in other frames. He stated that he informed the Tuleys it could not be taken out and replaced and be weather-tight, but he was ordered to take it out and did so, and as a result the frame does not fit as well as it did in the original construction.

There was considerable dispute over the bill for sodding and grading and the moving of surplus dirt, and the amount of cement work. For several of the extras, specific contracts were made with the price stated. Some of the extras were ordered orally, and no price stated. As to the latter, the evidence is in dispute both as to price and labor.

Something is claimed for the fact that the plans called for 16 inch spacing of the joists, and the construction is 17 to 18 inches. The evidence of the plaintiff is that this is not a material variation from the letter of the specifications, and in no-

wise affects the strength of the house, and there is no evidence to contradict this. It is purely a technical variation.

By what we have said we have indicated the disputes in the evidence, and it would not be proper to extend this opinion by further discussion.

The jury visited the premises, examined the house in detail, and applied the evidence. Some of the complaints were of a trivial character; others were substantial, but the jury was justified in finding that there was a substantial compliance with the contract, but that defendants were entitled to some damage by reason of defects, and because of incompleted work.

The jury considered these matters and indicated by its verdict that the disallowance of interest which would amount to around $900 and the sum of approximately $700 on the claim would make the Tuleys whole for any default on the part of McCormick. Whether or not this was made up of disallowance for extras or defective workmanship, or unfinished work, we cannot tell. But all these questions were questions of fact for the jury, and they were in a much better position to judge the facts than is this court, and we would not be justified in reversing the judgment on the weight of the evidence.

The second point of error stressed is, the refusal of the trial court to give defendants' special charge No. 2, which is as follows:

"The general rule is that one who undertakes to perform under a construction or building contract must show a substantial performance. There must be a substantial performance, and by substantial is meant, pertaining to or involving the merits of essential right, in contradistinction to questions of form and manner. The substantial performance of a contract is such performance as fulfills reasonably well all the material and essential stipulations."

It is apparent that counsel sought by this charge to in a way define to the jury what is meant in law by substantial performance. The difficulty with the charge is that the first part states a general rule. The charge must be complete in itself and applicable to the facts in the case under consideration. So that it is not proper in a special charge to present it as a general rule, to which there may be exceptions applicable to the case.

The second sentence of the charge is

rather involved and not clear, and would have a tendency to confuse the jury rather than instruct it.

The last sentence of the charge might have been correct had it referred to the plans and specifications and contract instead of "stipulations". We do not know and neither could the jury have known what was meant by "essential stipulations". The court did not err in refusing this special charge.

We find no reversible error in the record, and the judgment is affirmed.

HAMILTON and CUSHING, JJ, concur.